IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIMMY GOODWIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-498-SLR |
| | ) | |
| MICHAEL DELOY, Warden, and JOSEPH R. BIDEN, III, Attorney General of the State of Delaware, | ) | |
| | ) | |
| Respondents.[1] | ) | |

---

Leo John Ramunno, Esquire. Counsel for petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

---

**MEMORANDUM OPINION**[2]

Dated: August 28, 2007
Wilmington, Delaware

---

[1]Attorney General Joseph R. Biden, III assumed office in January, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case. Warden Michael DeLoy replaced former warden Richard Kearney, an original party to this case. See Fed. R. Civ. P. 25(d)(1).

[2]This case was originally assigned to the Vacant Judgeship and was re-assigned to the undersigned on August 27, 2007.

ROBINSON, District Judge

## I. INTRODUCTION

Currently before the court is petitioner Timmy Goodwin's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 1) Petitioner is incarcerated in the Sussex Correctional Institution in Georgetown, Delaware. For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

In December 1988, a Delaware Superior Court jury convicted petitioner of first degree kidnaping, second degree kidnaping, and unlawful sexual intercourse. The Delaware Supreme Court reversed petitioner's convictions in December 1989 because of a discovery violation. Goodwin v. State, 1989 WL 16043 (Del. 1988). Petitioner's second trial ended in a mistrial in September 1990. See Goodwin v. State, 608 A.2d 727 (Table), 1992 WL 53432, at *1 (Del. Dec. 12, 1992). Petitioner was tried for a third time in December 1990, and a Superior Court jury convicted him of all charges. Id. The Superior Court sentenced petitioner to two consecutive life sentences, and the Delaware Supreme Court affirmed petitioner's convictions and sentences on direct appeal. Id.

In February 1995, petitioner filed a motion for state post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion, holding that petitioner's ineffective assistance of counsel claims were meritless and his other claims were procedurally

barred by Rule 61(i)(3) and (4). See State v. Goodwin, ID No. 87004954DI (Del. Super. Ct. 1996). The Delaware Supreme Court affirmed the Superior Court's judgment on December 12,1996. Goodwin v. State, 687 A.2d 572 (Table), 1996 WL 742781 (Del. Dec. 12, 1996).

Petitioner's pending federal habeas application asserts the following four claims: (1) the State destroyed evidence and therefore violated petitioner's right to a fair trial; (2) petitioner was denied a fair trial because a juror who read a newspaper headline mentioning the case was not disqualified; (3) defense counsel provided ineffective assistance during the trial and on appeal; and (4) the Superior Court erred by not instructing the jury on missing evidence. (D.I. 1) The State contends that petitioner's application should be dismissed as time-barred. (D.I. 11)

## III. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996 and applies to habeas applications filed after that date. See Lindh v. Murphy, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by

> the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, dated August 1, 2006, is subject to AEDPA's limitations period. Because petitioner does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D), the one-year period of limitations in this case began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final upon expiration of the ninety-day time period allowed for seeking certiorari review. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999); Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). However, state prisoners whose convictions became final prior to AEDPA's effective date of April 24, 1996 have a one-year grace period for timely filing their habeas applications, thereby extending the filing period through April 24, 1997. Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions); Douglas v. Horn, 359 F.3d 257, 261 (3d Cir. 2004); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

Here, petitioner's conviction became final in 1991 and, therefore, he had until April 24, 1997 to timely file his habeas application. Petitioner did not file the application until August 11, 2006, more than nine years after the expiration of AEDPA's limitation period. Thus, petitioner's habeas application is time-barred and should be dismissed,

unless the limitations period can be statutorily or equitably tolled. See Jones, 195 F.3d at 158. The court will discuss each doctrine in turn.

**B. Statutory Tolling**

Section 2244(d)(2) of AEDPA specifically permits the statutory tolling of the one-year period of limitations:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). A properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals. Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000).

Petitioner filed a Rule 61 motion in 1995, and the Delaware Supreme Court did not issue a decision on petitioner's post-conviction appeal involving that motion until December 12, 1996. Because petitioner's Rule 61 motion was still pending for statutory tolling purposes on AEDPA's effective date of April 24, 1996, the motion tolls the limitations period through December 12, 1996. See, e.g., Lovasz v. Vaughn, 134 F.3d 146, 149 (3d Cir. 1998)(petitioner's second PCRA petition that was pending on AEDPA's effective date tolled the one-year grace period until the Pennsylvania Supreme Court denied petitioner's petition for allowance of appeal). The limitations clock started on December 13, 1996, and ran without interruption until the limitations period expired on December 13, 1997. Therefore, the tolling provision of § 2244(d)(2) does not render petitioner's application timely.

**C. Equitable Tolling**

Federal courts may equitably toll AEDPA's limitations period only in rare and exceptional circumstances. Jones, 195 F.3d at 159; Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir. 1998); Thomas v. Snyder, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller, 145 F.3d at 618-19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159.

In this case, petitioner does not contend, and the court does not discern, that any extraordinary circumstances prevented him from timely filing the instant habeas application by December 12, 1997. Even if petitioner or counsel made a mistake or miscalculation regarding the one-year filing period, that mistake does not justify equitably tolling the limitations period. See Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002). Accordingly, the court will dismiss petitioner's habeas application as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). However, if a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack, 529 U.S. at 484.

The court finds that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.